UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 25-10070-JEK

UNITED STATES OF AMERICA

v.

HAIRON GUERRERO

## ORDER ON GOVERNMENT'S MOTION FOR DETENTION

March 18, 2025

Boal, M.J.

The defendant, Hairon Guerrero, is charged in an indictment with three counts of distribution of and possession with intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi). An initial appearance was held on March 6, 2025, at which time the government moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(C) (defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act).

At a detention hearing on March 11, 2025, the parties proceeded by proffer. The government introduced five exhibits into evidence. After careful consideration of the evidence, the parties' arguments at the hearing, and a Pretrial Services report recommending release on conditions, I order the defendant detained pending trial.

**I.    ANALYSIS**

    **A.    The Bail Reform Act**

Under the Bail Reform Act, a defendant may only be detained pending trial if the

1

government establishes either by clear and convincing evidence that the person poses a danger to the safety of any other person or the community if released, or by a preponderance of the evidence that the person poses a serious risk of flight. 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-93 (1st Cir. 1991). If there is some risk, the court should consider whether a combination of release conditions "will serve as a reasonable guard." Id. at 791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). Where, as here, there is probable cause to believe that the defendant committed a controlled substance offense with a maximum term of imprisonment of ten years or more, a "rebuttable presumption" of danger and flight arises. 18 U.S.C. § 3142(e). The presumption imposes a burden of production on the defendant to come forward with "some evidence" to demonstrate that he is not a danger to the community or a flight risk. United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985), abrogated on other grounds by, United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990). Without credible evidence to rebut the presumption, the presumption alone may justify detention. United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

Notwithstanding this rebuttable presumption, the burden of persuasion always remains with the Government.  Jessup, 757 F.2d at 381.

      **B.**      **Nature Of The Offense And Weight Of The Evidence**

The government alleges that Guerrero distributed 50 grams, 100 grams, and 100 grams of fentanyl to a confidential source on or about April 4, 2024, June 3, 2024, and July 19, 2024, respectively.  These controlled purchases were audio and video recorded.  The drugs obtained from these purchases were confirmed by laboratory testing to contain fentanyl.

If convicted, Guerrero faces a mandatory minimum sentence of five years.

      **C.**      **Defendant's History And Characteristics**

Guerrero, age 36, was born in the Dominican Republic.  He is a dual citizen of the Dominican Republic and the United States.  He reported that for the last two months he has been employed by Weathervane, a company providing education around the Mass Saves energy program.  He also reported starting a medical courier business.  He jointly owns a home in Mattapan, Massachusetts with his mother and sister.  He has a brother who resides in Boston, Massachusetts.  With his partner of six years, he shares a five-year old child who has a unique disability.

Guerrero's criminal history includes seven charges dating back to March 2004 that have all either been dismissed or for which he was found not guilty.

      **D.**      **Dangerousness**

The nature of Guerrero's alleged crimes indicates a high risk of dangerousness.  He is alleged to have trafficked in fentanyl.  See United States v. Leon, 766 F.2d 77, 81 (2d Cir. 1985) ("[I]t is clear that the harm to society caused by narcotics trafficking is encompassed within Congress' definition of 'danger' [to the community.]").  He had ready access to fentanyl.

Indeed, he allegedly told the confidential source that he was going to purchase even larger quantities of fentanyl for distribution. In addition, as a result of a search warrant executed on Guerrero's home in March 2025, law enforcement officers found two guns in a tennis bag underneath a bed. One of the guns' serial numbers was obliterated, and the other gun had a suppressor and was determined to be stolen. Investigators also found extended magazines, a drum magazine, and ammunition. Guerrero resided at the home with his girlfriend and five-year old son. He did not have a license to carry firearms.

### E. Assessment Of All Factors

Guerrero proposes to be released on conditions, including that his girlfriend or sister would act as a third-party custodian. However, after carefully evaluating the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142, this Court finds that the government has met its burden regarding detention. Guerrero presents a significant danger to the community. The nature of the alleged crime, the amount of drugs involved in this case, his ready access to drugs, and the guns and firearm accessories that were found in his residence all pose a significant danger to the community. In light of the foregoing, as well as the potential lengthy sentence Guerrero faces, I find that no condition or combination of conditions will reasonably assure the safety of the community.

### ORDER OF DETENTION

In accordance with this memorandum, it is ORDERED that the defendant be DETAINED pending trial, and is further ORDERED that:

(1) Hairon Guerrero be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Hairon Guerrero be afforded reasonable opportunity for private consultation with counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Hairon Guerrero is detained and confined deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

## RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

　　　　　　　　　　　　　　　　　　　/s/ Jennifer C. Boal
　　　　　　　　　　　　　　　　　　　JENNIFER C. BOAL
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge